Filing # 118402881 E-Filed 12/17/2020 03:15:44 PM

**IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA**

DOYLE DEWAYNE SIMS, JR.,

        Plaintiff,

v.

CORAM SPECIALTY INFUSION
SERVICES, LLC,

        Defendant.

_____/

CASE NO: 2020-CA-007044
DIVISION: CV-E

8/085
3-19-2021
1205P

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Doyle Dewayne Sims, Jr., sues Defendant, Coram Specialty Infusion Services, LLC, and alleges:

1. This is a suit for damages and injunctive relief under the Florida Civil Rights act of 1992, Fla. Stat. 760 *et. seq.* and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et. seq.* brought to remedy unlawful discrimination based on age.

### JURISDICTION

2. This is an action for damages in excess of $30,000.00, exclusive of prejudgment interest, costs, reasonable attorney fees and injunctive relief.

### PARTIES

3. Plaintiff, Doyle Dewayne Sims, Jr., is a citizen of the United States and was employed with Defendant in Jacksonville, Florida.

4. Defendant, Coram Specialty Infusion Services, LLC, is a foreign limited liability company doing business in Duval County, Florida, and was Plaintiff's employer.

1

**CONDITIONS PRECEDENT**

5.　　Plaintiff filed a charge of discrimination, with the Equal Employment Opportunity Commission (EEOC) in a deferral state within 300 days of the challenged unlawful employment practice. The EEOC issued a Notice of Right to Sue and Plaintiff filed this Complaint within 90 days of the receipt.

6.　　Plaintiff complied with all conditions precedent to the filing of this claim required by the Florida Civil Rights Act of 1992, §760.11 Florida Statutes. A timely charge of discrimination was filed with the Florida Commission on Human Relations within 365 days of the discriminatory acts. This action was commenced within four years of the discriminatory acts complained of by Plaintiff.

**STATEMENT OF THE FACTS**

7.　　Plaintiff began employment with Defendant on or about May 15, 2017 until his unlawful termination and/or constructive termination on May 31, 2019. At the time of Defendant's termination and/or constructive termination of Plaintiff's employment, he was sixty-four (64) years old.

8.　　Plaintiff was employed as a Per Diem Clinical Pharmacist when Defendant terminated his employment. There were no complaints about the quality of Plaintiff's work during his tenure as a Per Diem Clinical Pharmacist.

9.　　On or about March 2019, Defendant's Pharmacy Manager Melissa Rippetoe and Defendant's Branch Manager Michelle MacDonald requested Plaintiff's plans for retirement even though he had no present intent to leave. Nor did Plaintiff express such intent to anyone  They informed Plaintiff that they were looking for a full-time Production

2

Pharmacist that could provide a long-term commitment and therefore Plaintiff was not qualified for the position. Defendant told Plaintiff that he would still be needed to help train the new Production Pharmacist, assist in production and continue with his other clinical areas of responsibility.

10.     On March 21, 2019, after the full-time Production Pharmacist was hired, Defendant informed Plaintiff that it decided to eliminate his Per Diem Clinical Pharmacist position based on the number of pharmacists on staff and that per diems were no longer being utilized by Defendant. This was false and pretextual.

11.     On March 22, 2019, Defendant requested that Plaintiff resign effective May 31, 2019, so that he could train the new production pharmacist and help distribute his "clinical" duties with specialty drugs among the clinical pharmacists.

12.     As a result, on March 25, 2019, Plaintiff provided the requested letter of resignation effective May 31, 2019. The letter of resignation stated that Plaintiff was open to continue as a Per Diem Pharmacist.

13.     On April 3, 2019, Defendant posted a position for a Per Diem Clinical Pharmacist position. On April 4, 2019, Plaintiff asked Defendant if he could be considered for this reposted position. Defendant stated that they needed a pharmacist with more clinical experience than Plaintiff.

14.     Defendant treated younger individuals more favorably than Plaintiff

15.     This was false and pretextual. Defendant hired a younger pharmacist with less clinical experience than Plaintiff.

3

## COUNT I

### UNLAWFUL AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 *ET. SEQ.*

16.     Plaintiff hereby restates and realleges each and every factual allegation contained in paragraph 1 through 15.

17.     Plaintiff's age was a motivating factor in Defendant's decision to terminate and/or constructively terminate Plaintiff's employment and/or Defendant's failure to hire, transfer, and/or allow Plaintiff to continue working for Defendant.  Moreover, Defendant would not have terminated and/or constructively terminated Plaintiff but for his age. Defendant's conduct violated the Florida Civil Rights Act.

18.     The reason articulated by Defendant for Plaintiff's termination and/or constructive termination is a pretext for unlawful discrimination based on age.  Moreover, Defendant treated Plaintiff less favorably than similarly situated, younger individuals. Defendant further replaced Plaintiff with a younger employee.

19.     The age discrimination described above was done intentionally, willfully, maliciously, and with a reckless disregard for Plaintiff's rights under state law.

20.     As a direct and proximate result of said discrimination, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

21.     As a result of Defendant's discrimination against Plaintiff, Plaintiff has hired an attorney to represent him in this matter and has incurred and will continue to incur attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, backpay and frontpay, compensatory and emotional distress damages, injunctive relief, prejudgment interest, reimbursement for attorneys' fees and costs, and punitive damages and any other such relief that the Court deems just and appropriate under the circumstances.

## COUNT II

### UNLAWFUL AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION AND EMPLOYMENT ACT OF 1967, AS AMENDED, 29 U.S.C. §621 *ET. SEQ.*

22.   Plaintiff hereby restates and realleges each and every factual allegation contained in paragraph 1 through 15.

23.   Plaintiff's age was a motivating factor in Defendant's decision to terminate and/or constructively terminate Plaintiff's employment and/or Defendant's failure to hire, transfer, and/or allow Plaintiff to continue working for Defendant.  Moreover, Defendant would not have terminated and/or constructively terminated Plaintiff but for his age. Defendant's conduct violates the Age Discrimination and Employment Act.

24.   The reason articulated by Defendant for the Plaintiff's termination and/or constructive termination is a pretext for unlawful discrimination based on age.  Moreover, Defendant treated Plaintiff less favorably than similarly situated, younger individuals. Defendant further replaced Plaintiff with a younger employee.

25.   The age discrimination described above was done intentionally, willfully, maliciously, and with a reckless disregard for Plaintiff's rights under federal law.

26.   As a direct and proximate result of said discrimination, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

27.     As a result of Defendant's discrimination against Plaintiff, Plaintiff has hired an attorney to represent him in this matter and has incurred and will continue to incur attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, backpay and frontpay, liquidated damages, injunctive relief, prejudgment interest, reimbursement for attorneys' fees and costs, and any other such relief that the Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South
Suite 115
Jacksonville, Florida 32216
(904) 725-6161  (telephone)
(904) 725-3410  (facsimile)

Leonard S. Magid
Florida Bar No. 0717101
len@magidwilliams.com
P. Daniel Williams
Florida Bar No. 0036625
dan@magidwilliams.com
Attorneys for Plaintiff